UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELLA T. PEREZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>Defendants. | Case No. 3:17-cv-04880-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 12 |

Plaintiffs Bella and Enrique Perez contend that they are entitled to terminate payments on a mortgage and receive an unencumbered title to their home in San Pablo, California, based on alleged procedural defects in the transfer of their loan and the underlying deed of trust to defendant Bank of New York Mellon ("BNYM"). *See* Dkt. No. 1. Plaintiffs filed this lawsuit in California Superior Court against BNYM and Mortgage Electronic Registration Systems, Inc. *Id.* Defendants removed to federal court based on diversity jurisdiction and move to dismiss the complaint for failure to state a plausible claim under Federal Rule of Civil Procedure 12(b)(6). The motion is granted.

**LEGAL STANDARDS**

Straightforward standards govern the application of Rule 12(b)(6). To meet the pleading requirements of Rule 8(a) and to survive a Rule 12(b)(6) motion to dismiss, a claim must provide "a short and plain statement . . . showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), including "enough facts to state a claim . . . that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if, accepting all factual allegations as true and construing them in the light most favorable to the plaintiff, the Court can reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009). The plausibility analysis is "context-specific" and not only invites but "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

On a motion to dismiss, the Court is limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007) (internal quotation omitted). The Court may take judicial notice of undisputed matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

## DISCUSSION

The California Supreme Court recently clarified that a borrower subject to a nonjudicial foreclosure "does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment." *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 924, 365 P.3d 845, 848 (Cal. 2016). The California Supreme Court expressly noted that its holding did not extend to a borrower who "attempt[s] to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed." *Id.* It is undisputed that no one has attempted to foreclose on plaintiffs' home.

Both before and after *Yvanova*, California appellate courts have dismissed preemptive pre-foreclosure lawsuits for failure to state a plausible claim due to lack of standing. *See, e.g.*, *Saterbak v. JPMorgan Chase Bank, N.A.*, 245 Cal. App. 4th 808, 814 (Cal. Ct. App. 2016), *reh'g denied* (Apr. 11, 2016), *review denied* (July 13, 2016) (citing cases). Preemptive pre-foreclosure suits are not allowed because they "'result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature.'" *Id.* (quoting *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 513 (2013), *disapproved on other grounds in Yvanova*, 62 Cal. 4th at 939 n. 13). In *Saterbak*, the Court of Appeal emphasized that *Yvanova* "is expressly limited to the post-foreclosure context" and "does not alter [a plaintiff's] standing obligations" in a "preforeclosure suit challeng[ing] Defendant's ability to foreclose." *Id.* at 815.

*Saterbak* squarely fits this case. All of plaintiffs' claims -- declaratory relief, quiet title, and cancellation of instruments -- are predicated on the theory that plaintiffs may challenge the

2

assignment of the deed of trust to BNYM before any foreclosure proceedings are under way. Plaintiffs have consequently failed to state any valid claims under California law.

Plaintiffs misread *Yvanova* to permit preemptive lawsuits challenging assignments that are void. Dkt. No. 14 at 2. *Yvanova* says that a borrower has standing to challenge an assignment as void only once foreclosure proceedings have been initiated. In contrast, "disallowing the use of a lawsuit to preempt a nonjudicial foreclosure, is not within the scope of our review. . . . We do not address the distinct question of whether, or under what circumstances, a borrower may bring an action for injunctive or declaratory relief to prevent a foreclosure sale from going forward." *Yvanova*, 62 Cal. 4th at 934. The weight of California appellate authority indicates that borrowers lack standing to preemptively challenge the assignment of a deed of trust, whether or not the assignment is challenged as void or merely as voidable, and plaintiffs offer no persuasive reason why the Court should depart from those holdings. Plaintiffs' heavy reliance on *Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079 (Cal. Ct. App. 2013), is inapposite because that case concerned a post-foreclosure challenge.

## CONCLUSION

The motion to dismiss is **GRANTED.** The Court does not reach defendants' remaining arguments. Although the Court has doubts that plaintiffs can save their complaint through amendment, they will be allowed an opportunity to state a plausible claim. An amended complaint is due by **July 16, 2018.**

**IT IS SO ORDERED.**

Dated: June 25, 2018

JAMES DONATO
United States District Judge