UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELLA T. PEREZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>    Defendants. | Case No. 3:17-cv-04880-JD<br><br>**SECOND ORDER RE DISMISSAL**<br><br>Re: Dkt. No. 24 |

The parties' familiarity with the record is assumed. The Court dismissed the original complaint because plaintiffs' claims were predicated on the theory that they could challenge the assignment of their mortgage loan or deed of trust on a preemptive, pre-foreclosure basis, which California law does not allow. Dkt. No. 22. The first amended complaint has not added any new or different operative facts. Dkt. No. 23. Plaintiffs do not allege that any foreclosure proceedings have been either threatened or actually initiated against them. *See id.* ¶ 30. They do not allege that they have received a notice of default, a notice of trustee's sale, or any other notice alleging a dispute or any problem with their loan or ownership interests. To the contrary, the amended complaint indicates that plaintiffs are making their mortgage payments in a regular and timely fashion and that the parties have no disagreements about that, a fact that counsel for both sides confirmed at the hearing on defendants' motion to dismiss the amended complaint. Dkt. No. 29.

Because the facts alleged in the amended complaint are the same as in the original one, it fails to state a plausible claim for the same reasons discussed in the prior dismissal order. If anything, plaintiffs' claims are even more doubtful since the prior proceedings. The California Supreme Court granted review but ultimately declined to issue a substantive decision in *Keshtgar*

*v. U.S. Bank, N.A.*, 226 Cal. App. 4th 1201 (Cal. Ct. App. 2014), and did not disturb the cases cited by the Court for the conclusion that preemptive foreclosure lawsuits such as this one are not viable. *See* Dkt. No. 22 at 2-3 (and cases cited therein). Recent decisions have embraced the same conclusion as the Court, for essentially the same reasons. *See, e.g., Wasjutin v. Bank of America, N.A.,* 732 Fed. App'x 513, 516-17 (9th Cir. 2018) (citing *Saterbak* and other cases discussed in Dkt. No. 22 to state that "California does not allow preemptive challenges to the authority to foreclose"); *Osburn v. Ocwen Loan Servicing LLC*, Case No. 1:18-cv-00310-LJO-SAB, 2018 WL 3093494 at *4-6 (E.D. Cal. June 22, 2018) (same). Plaintiffs' reliance on *Lundy v. Selene Fin. LP*, Case No. 15-cv-05676-JST, 2016 WL 1059423 (N.D. Cal. Mar. 17, 2016), is misplaced. *Lundy* was issued a few years ago when *Keshtgar* was still pending in the California Supreme Court and before the recent decisions were published. In effect, it has been overtaken by subsequent developments. *See Osburn*, 2018 WL 3093494 at *5.

Plaintiffs' suggestion that they nevertheless might have an action for declaratory relief is also unavailing. As an initial matter, they mention only the California Code of Civil Procedure and not the pertinent federal provisions in Federal Rule of Civil Procedure 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201(a). In any event, nothing in the amended complaint plausibly states an actual controversy between the parties, and plaintiffs have not otherwise shown that they have raised an issue amenable to declaratory judgment. *See Shell Gulf of Mexico, Inc. v. Center for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014). The absence of an actual dispute could be extended to argue that there is no case or controversy between the parties to adjudicate under Article III, but defendants did not raise that point and the Court will not address it in the present circumstances of this case.

The final question is whether plaintiffs should be allowed another opportunity to amend. The amended complaint adduced no new facts, and counsel for plaintiffs stated at the hearing that no additional facts could be added. Dkt. No. 29. In light of that, and because plaintiffs have already been permitted an opportunity to amend, the case is dismissed with prejudice. *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990) ("The district court's discretion to deny

leave to amend is particularly broad where plaintiff has previously amended the complaint.").

**IT IS SO ORDERED.**

Dated: October 26, 2018

JAMES DONATO
United States District Judge