UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELLA T. PEREZ, et al., <br><br>Plaintiffs, <br><br>v. <br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al., <br><br>Defendants. | Case No. 3:17-cv-04880-JD <br><br>**ORDER RE ATTORNEY'S FEES** <br><br>Re: Dkt. No. 36 |

The parties' familiarity with the record is assumed. Defendant Mortgage Electronic Registration Systems ("MERS") has moved for attorney's fees and costs. Dkt. No. 36. For unknown reasons, Perez did not oppose the motion. Even so, the Court has a "duty to independently review the applicant's fee request." *Gates v. Deukmejian*, 987 F.2d 1392, 1400 (9th Cir. 1992). The fee request is denied without prejudice.

MERS relies on a clause in the deed of trust as the basis for the motion, but the plain language of that clause does not authorize a fee award in this case. The clause at issue, section 14, states in pertinent part that "Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to attorneys' fees, property inspection, and valuation fees." Dkt. No. 36-2, Ex. A at ECF p. 13. Counsel for both sides have confirmed that there is no default and that "plaintiffs are making their mortgage payments in a regular and timely fashion." Dkt. No. 30 at 1. Consequently, section 14 does not authorize a fee award in this case.

The Court also notes that even if section 14 were applicable, there does not appear to be a justiciable case or controversy that would permit fee shifting. In response to the Court's request

for supplemental briefing on the application of *Chacker v. JPMorgan Chase Bank, N.A.*, 27 Cal. App. 5th 351 (2018), defendants "acknowledge they are not entitled to a separate award. Rather, by way of this motion, Defendants in essence seek a comfort order that the amount of attorneys' fees requested in this matter is reasonable and may be added to Plaintiffs' underlying debt." Dkt. No. 41 at 4. Whatever a "comfort order" might be precisely, it is some distance away from a justiciable case or controversy sufficient to authorize the Court to act under Article III. *See* U.S. Const. art. III, § 2; *see also MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 139 (2007). MERS suggests that it would like this Court to provide a defense in advance of possible litigation in the future where plaintiffs might contest the reasonability of attorney's fees. But that is not a proper exercise of federal judicial powers. Consequently, for the same fundamental reason that the case was dismissed -- there was no case or controversy, see Dkt. No. 30 at 2 -- no relief is available here.

MERS's other arguments for fees are unavailing. At oral argument, counsel for MERS confirmed that they were relying exclusively on section 14 of the deed of trust in seeking fees. Even if the Court were to disregard this representation, which it is not inclined to do, MERS has not made a prima facie showing that the standard for sanctions under 28 U.S.C. § 1927, recklessness or bad faith, has been met in this case. Dkt. No. 36-1 at 9. Claims that the action was "meritless and baseless," *id.*, only rise to a level of "ignorance or negligence," which is not sufficient for a finding of sanctions. *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998). Defendants' arguments that another provision of the deed of trust, section 9, authorized fees was raised for the first time in their supplemental briefing and will not be considered here. *See JG v. Douglas Cty. Sch. Dist.*, 552 F.3d 786, 803-04 n.14 (9th Cir. 2008).

MERS's motion for fees is denied without prejudice.

**IT IS SO ORDERED.**

Dated: September 18, 2019

JAMES DONATO
United States District Judge